# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAM REAL ESTATE IV, L.L.C., | 1:13-cv-00430 LJO-GSA |
| Plaintiff,<br>v.<br>GERALDINE S. FERNANDEZ and Does 1to 10,<br>Defendant. | **AMENDED ORDER REMANDING ACTION TO THE FRESNO COUNTY SUPERIOR COURT**<br><br>(Document 1) |

## INTRODUCTION

Defendant Geraldine S. Fernandez ("Defendant"), who is proceeding pro se, removed this case from the Superior Court of Fresno County on March 22, 2013, asserting that this Court has federal question jurisdiction. *See* Court's Docket Doc. No. 1. Specifically, Defendant contends that she filed a demurrer to Plaintiff Cam Real Estate IV, L.L.C.'s ("Plaintiff") unlawful-detainer complaint in which she alleged that Plaintiff failed to comply with the notice requirements of 12 U.S.C. § 5220. Defendant claims that federal subject matter jurisdiction exists through the invocation of 12 U.S.C. § 5220 in the demurrer. *Id.*

## DISCUSSION

**A.    The Court Must *Sua Sponte* Address Subject Matter Jurisdiction**

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. §

1

1441) is construed strictly against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Hence, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Therefore, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir.1995).

### B. A Federal Defense Alone Does Not Confer Subject Matter Jurisdiction

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000); *see Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede

that the federal defense is the only question truly at issue.*" Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, Defendant has not shown that removal was appropriate. The complaint filed by Plaintiff is an unlawful detainer action based entirely on state law. Defendant relies on her demurrer to establish federal jurisdiction. Defendant is attempting to remove this case on the basis only of a federal defense. However, the defensive invocation of 12 U.S.C. § 5220 cannot form the basis of this Court's jurisdiction. *See Vaden*, 129 S.Ct. at 1278; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014; *Oates Revocable Trust Dated June 23, 2003 v. Rizon*, 2011 U.S. Dist. LEXIS 95547 (C.D. Cal. Aug. 23, 2011).

## CONCLUSION

Since Plaintiff's complaint does not raise a federal question, this Court lacks subject matter jurisdiction over the matter. Remand to the Fresno County Superior Court is both appropriate and mandatory. 28 U.S.C. § 1447(c); *Geographic Expeditions*, 599 F.3d at 1107; *Bruns*, 122 F.3d at 1257; *Page*, 45 F.3d at 133. Accordingly, this Case is REMANDED forthwith to the Superior Court of Fresno County, pursuant to 28 U.S.C. § 1447(c), for lack of federal subject matter jurisdiction. The clerk is directed to take necessary action to remand this case to the Fresno County Superior Court.

IT IS SO ORDERED.

Dated:   **April 8, 2013**              /s/  Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE